IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:05CV286

| | |
|---|---|
| SANDRA W. CLOANINGER, as Executrix of the Estate of GRADY L. CLOANINGER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES D. WHEELER and ROBERT W. COMBS, JR., d/b/a ROBERT W. COMBS TRUCKING, )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief and Brief in Support of Motion to Dismiss Plaintiff's Third Claim for Relief, both filed December 29, 2005. Plaintiff did not file a Response. This Motion is now ripe for disposition by the Court.

Having carefully considered the arguments of the parties, the record, and the applicable authority, the Court will <u>deny</u> Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief.

**I. FACTUAL AND PROCEDURAL HISTORY**

For purposes of this Motion to Dismiss, the Court accepts the following facts derived from Plaintiff's Complaint as true. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 189 (4th Cir. 2002) (noting that "at the motion to dismiss stage, a court must accept the allegations in the complaint as true and view the complaint in the light most favorable to the plaintiff").

1

On November 19, 2004, at approximately 11:30 a.m., Grady L. Cloaninger ("Cloaninger") was driving his 1998 Harley-Davidson motorcycle on Interstate 77 near Mooresville, North Carolina. (Compl. ¶ 7). At the same time, Defendant James Wheeler ("Wheeler") was driving a 2000 Volvo tractor-trailer truck, which was owned by Defendant Robert W. Combs Jr. d/b/a Robert W. Combs Trucking ("Combs"), on Interstate 77, behind a pick-up truck that was immediately following Cloaninger's motorcycle. (*Id.* ¶ 8). Defendant Wheeler was operating the truck with Defendant Combs' permission, and while acting within the course and scope of his employment and/or agency with Combs Trucking. (*Id.* ¶¶ 8, 12).

While driving on Interstate 77, the traffic in Cloaninger's lane of travel slowed and came to a sudden stop. (*Id.* ¶ 9). Cloaninger "laid his vehicle down and became a pedestrian in the emergency or breakdown lane to the side of the travel lanes." (*Id.*). Defendant Wheeler, operating the truck in a careless, negligent, and unlawful manner, was following too closely to the traffic immediately ahead of him and at a high rate of speed. (*Id.* ¶ 10). Suddenly, and without warning, Defendant Wheeler crashed into the rear of the pick-up truck that was traveling immediately in front of Wheeler, which in turn veered into the breakdown lane, ran over Cloaninger, and resulted in Cloaninger's death. (*Id.*).

As a result of Cloaninger's death, Sandra W. Cloaninger, executrix of the estate of Grady Cloaninger, filed a Complaint in the Iredell County Superior Court, alleging claims for: (1) negligence against Defendant James Wheeler and Defendant Combs, alternatively and/or conjunctively; (2) punitive damages against Defendant Wheeler; and (3) punitive damages against Defendant Combs. On December 21, 2005, Defendants removed the action to this Court.

## II. DISCUSSION

Defendants now move to dismiss Count Three of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A.     Standard of Review**

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a plaintiff's complaint. *Suarez v. Charlotte-Mecklenburg Schs.*, 123 F. Supp. 2d 883, 885-86 (W.D.N.C. 2000) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  In considering a Rule 12(b)(6) motion to dismiss, the court must take the allegations in the complaint as true and construe the facts alleged in the complaint in the light most favorable to the plaintiff. *GE Inv. Private Placement v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). "[Dismissal may occur] only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Jackson v. Blue Dolphin Commc'ns of N.C., L.L.C.*, 226 F. Supp. 2d 785, 788-89 (W.D.N.C. 2002) (brackets in original) (quoting *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997)).

To survive a Rule 12(b)(6) motion, "a complaint need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged occurrence and which, if proven, will justify some form of relief." *Jackson*, 226 F. Supp. 2d at 789 (citation omitted). A motion to dismiss is not limited to claims of law which are obviously unsupportable; rather if, as a matter of law, it is obvious that no relief could be granted under any set of facts alleged by the plaintiff, the claim must be dismissed. *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827 (1989)).

Significantly, although a court must accept as true all material factual allegations in the complaint, the court does not need to accept a plaintiff's "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).

**B.     Punitive Damages Claim Against Defendant Combs**

Defendants move to dismiss the punitive damages claim against Defendant Combs (Count Three).  Defendants argue that North Carolina law does not permit the imposition of punitive damages solely on the basis of vicarious liability. (Defs.' Mem. in Supp. p. 4). Defendants maintain that the only misconduct directed to Defendant Combs in Plaintiff's Complaint are the allegations that Defendant Combs failed to maintain the vehicle operated by Wheeler in a safe working condition and failed to discipline or dismiss Wheeler after learning that he had committed moving violations prior to the accident involving Cloaninger. (*Id.*). Defendants contend that since Plaintiff failed to allege that Defendant Combs engaged in any independent negligent conduct, and since Plaintiff failed to allege facts to support the legal conclusion that Defendant Combs engaged in "willful or wanton conduct" in connection with the accident, Plaintiff's claim for punitive damages against Defendant Combs must be dismissed.[1] (*Id.* pp. 5-7).

"Punitive damages are not awarded as compensation.  As the name clearly implies, they are awarded as punishment due to the outrageous nature of the wrongdoer's conduct." *Juarez-Martinez v. Deans*, 108 N.C. App. 486, 495, 424 S.E.2d 154, 159-60 (1993) (citing *Cavin's Inc. v. Atlantic Mutual Ins. Co.*, 27 N .C. App. 698, 220 S.E.2d 403 (1975)); *see also Rhyne v. K-Mart Corp.*, 358 N.C. 160, 166, 594 S.E.2d 1, 6 (2004) (noting punitive damages are not

---

[1]As noted above, Plaintiff did not file a Response to Defendants' Motion to Dismiss.

awarded as compensation, but rather are awarded above and beyond actual damages as punishment for a defendant's intentional wrong) (quoting *Overnite Transp. Co. v. International Bhd. of Teamsters*, 257 N.C. 18, 30, 125 S.E.2d 277, 286, *cert. denied*, 371 U.S. 862, 83 S. Ct. 120, 9 L. Ed. 2d 100 (1962)). "North Carolina courts have consistently awarded punitive damages 'solely on the basis of [their] policy to punish intentional wrongdoing and to deter others from similar behavior.'" *Rhyne*, 358 N.C. at 166, 594 S.E.2d at 6 (quoting *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 113, 229 S.E.2d 297, 302 (1976)).

Pursuant to North Carolina law:

[p]unitive damages may be awarded only if the claimant proves that the defendant is liable for the compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded: (1) fraud; (2) malice; (3) willful or wanton conduct.

N.C. GEN. STAT. § 1D-15(a). "Willful or wanton conduct" is the "conscious and intentional disregard of and the indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage or other harm." N.C. GEN. STAT. § 1D-5(7). "'Willful or wanton conduct' means more than gross negligence." *Id.*

In the instant case, Plaintiff asserts a separate cause of action against Defendant Combs for punitive damages. However, as a general rule, "'[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action[.] . . . If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all.'" *Iadanza v. Harper*, 169 N.C. App. 776, 783, 611 S.E.2d 217, 223 (2005) (quoting *Hawkins v. Hawkins*, 101 N.C. App. 529, 532, 400 S.E.2d 472, 474 (1991)). "'[Where] a right of action exists, though the loss is nominal, [punitive] damages may

5

be recovered in a proper case; for the plaintiff had a right to maintain his action apart from the privilege of recovering [punitive] damages.'" *Hawkins*, 101 N.C. App. at 532, 400 S.E.2d at 474. Therefore, to maintain a claim for punitive damages against Defendant Combs, Plaintiff must have either asserted an independent cause of action against Defendant Combs, to which a claim for punitive damages may be attached, or he must have sufficiently alleged a claim for vicarious liability whereby the actions of Defendant Wheeler allow Plaintiff to recover punitive damages from Defendant Combs. A review of Plaintiff's Complaint leads the Court to conclude that Plaintiff has sufficiently asserted an independent claim against Defendant Combs to which a punitive damages claim may be attached.[2]

In support of the claim for punitive damages, Plaintiff contends that Defendant Combs failed to maintain Defendant Wheeler's truck in safe working order, and failed to discipline, re-educate, suspend or take corrective action against Defendant Wheeler after learning that Defendant Wheeler committed other moving violations prior to the incident involving Cloaninger. (Compl. ¶ 16). Taking these facts in the light most favorable to Plaintiff and allowing that willful, wanton or malicious conduct under these circumstances would be a matter of degree, the Court finds that Plaintiff's claim must survive the motion to dismiss at this stage of the proceedings.[3]

---

[2] Notably, if the Court were to instead construe Plaintiff's claim for punitive damages against Defendant Combs solely on the basis of vicarious liability, the Court would be forced to conclude that the claim failed to state a claim upon which relief can be granted. *See* N.C. GEN. STAT. § 1D-15(c) (providing that when a plaintiff seeks punitive damages from an employer resulting from alleged negligence committed by an employee, such damages "shall not be awarded against a person solely on the basis of vicarious liability for the acts or omissions of another." Rather, "[p]unitive damages may be awarded against a person only if that person participated in the conduct constituting the aggravating factor giving rise to the punitive damages.").

[3] Although Plaintiff alleges that Defendant Combs was "otherwise grossly negligent and guilty of willful and wanton misconduct," this allegation taken alone is a legal conclusion which the Court may not accept as true for purposes of a Motion to Dismiss. *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief is hereby **DENIED**.

Signed: September 14, 2006

Richard L. Voorhees
United States District Judge

---

(2000).