# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:05CV286

| | |
|---|---|
| SANDRA W. CLOANINGER, as executrix of, the Estate of GRADY L. CLOANINGER )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES D. WHEELER; )<br>and )<br>ROBERT W. COMBS, JR. )<br>d/b/a ROBERT W. COMBS TRUCKING )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court on the following Motions and Memoranda: (1) Defendant's Motion for Summary Judgment and Memorandum in Support, both filed October 2, 2006 [Documents ## 11, 15]; (2) Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, filed October 19, 2006 [Document # 17]; and (3) Defendant's Reply in Support of Motion for Summary Judgment, filed November 2, 2006 [Document # 18]. These Motions are now ripe for disposition by the Court.

Having carefully considered the arguments, the record, and the applicable authority, for the reasons stated below, the Court will deny Defendant's Motion for Summary Judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of an automobile accident involving Plaintiff's decedent, Gary L. Cloaninger ("Cloaninger"), and Defendant James D. Wheeler ("Wheeler"). Plaintiff filed suit on behalf of decedent's estate in the Superior Court of Iredell County, seeking damages and punitive

1

damages against Defendant Wheeler and Defendant Robert W. Combs, Jr. d/b/a Combs Trucking ("Combs"). Defendants timely removed the action to this Court based on diversity of the parties, pursuant to 28 U.S.C. § 1332.

On November 19, 2004 at approximately 11:30 a.m., Wheeler was driving a 2000 Volvo tractor-trailer truck, traveling south on Interstate 77 in the right-hand lane near Exit 36, near Mooresville, North Carolina. (Wheeler Dep. p. 51; NC Highway Patrol Accident Report p. 1). The truck was owned by Defendant Combs. (NC Highway Patrol Accident Report p. 1). Wheeler was operating the truck with Combs' permission, and while acting within the course and scope of his employment and/or agency with Combs Trucking.

As Wheeler approached the entrance ramp of Exit 36, Cloaninger was driving his 1998 Harley-Davidson motorcycle on the entrance ramp, followed by a pick-up truck driven by Robert Maccubbin ("Maccubbin"). (Wheeler Dep. p. 51, NC Highway Patrol Accident Report p. 3). Wheeler moved from the right lane to the left lane in order to allow Cloaninger and Maccubbin to merge into the right lane of the Interstate. (Wheeler Dep. p. 51). Cloaninger and Maccubin entered the right lane and accelerated ahead of Wheeler, after which, Wheeler moved back to the right lane behind Maccubin. (*Id*. pp. 51-52). About the time Cloaninger and Maccubin entered the Interstate, Wheeler saw a sign indicating that the left lane would be closed ahead. (*Id*. p. 77). Immediately after Wheeler returned to the right lane behind Maccubin, a tractor-trailer truck that was ahead of Cloaninger in the right lane slammed its breaks on. (*Id*. pp. 53-54). Wheeler applied his breaks, but was unable to stop before hitting Maccubin's vehicle. *(Id*. p. 26). Wheeler did not see what happened to Cloaninger at this time, though as a result of Wheeler's truck hitting Maccubin's vehicle, Maccubin's vehicle was pushed into the right-hand emergency lane

where it ran-over Cloaninger, who had become separated from his motorcycle. (Wheeler Dep. pp. 26, 55-56, NC Highway Patrol Accident Report p. 2). Cloaninger died as a result of the accident. (Wheeler Dep. p. 26, NC Highway Patrol Accident Report pp. 1-2).

After the accident, the North Carolina Highway Patrol inspected the Combs tractor-trailer that Wheeler was driving. (NC Highway Patrol Driver/Vehicle Examination Report p. 1). The vehicle was cited for two violations: (1) having tire tread depth less than 2/32 of an inch on one tire, and (2) an oil and/or grease leak or wheel seal leak on one of the truck's axles. (*Id.*) Following the vehicle inspection, Wheeler drove the tractor-trailer that was involved in the accident back to the headquarters of Combs Trucking in Dublin, Virginia (Wheeler Dep. p. 22). After returning to Dublin, Wheeler went to Montgomery Regional Hospital in Blacksburg, Virginia for a post-accident drug test. (*Id*. pp. 21-22). The drug test was administered on November 19, 2004 in the evening, which was the same day as the accident. (Wheeler Dep. pp. 21-22, Medical Review Officer Report, Montgomery Regional Medical Center, Nov. 30, 2004). The test showed that Wheeler was positive for marijuana. (Medical Review Officer Report).

## II. DISCUSSION

### A. Summary Judgment

Defendant now moves for summary judgment, arguing that Plaintiff was contributorily negligent, and that Plaintiff has not presented any evidence to support her negligence claims or punitive damages claims against the Defendants. (Def. Mem. in Supp. of Mot. for Summ. Judgm. pp. 1-2).

#### 1. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure permits the entry of summary

judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. But the party opposing summary judgment may not rest upon mere allegations or denials, and a "mere scintilla of evidence" is insufficient to overcome summary judgment. *Id.* at 249-50. Moreover, when the movant supports its motion for summary judgment by affidavits, the adverse party may not rest upon the mere allegations or denials of their pleading, but the adverse party's response must be supported by affidavits or as otherwise provided by Rule 56 and must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e).

Courts, in considering motions for summary judgment, view the facts and inferences in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255; *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990); *Cole v. Cole*, 633 F.2d 1083 (4th Cir. 1980). Summary judgment is thus proper where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).

2. **Diversity of Citizenship**

A federal court sitting in diversity must apply the law of the state in which the suit was brought. *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir. 1992). Plaintiff's suit was brought in North Carolina, accordingly, North Carolina law governs the suit.

### a. Contributory negligence

In North Carolina, even if a plaintiff is able to establish a claim of negligence, it is well-settled that such claim will be barred if the plaintiff failed to exercise ordinary care for his own safety and that failure contributed to his injury. *Hicks v. Food Lion, Inc.*, 94 N.C. App. 85, 90, 379 S.E.2d 677, 680 (1989) (citing *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E.2d 504 (1980)). The standard for contributory negligence is an objective one - the care an ordinarily prudent person would have exercised under the same or similar conditions to avoid injury. *Culler v. Hamlett*, 148 N.C. App. 372, 377, 559 S.E.2d 195, 200 (2002).

Here, Defendants argue that Cloaninger, Plaintiff's decedent, was contributorily negligent by following too closely to the tractor-trailer truck in front of him, thereby causing him to lose control of his motorcycle when the truck slammed on its breaks. (Def. Mem. in Supp. of Mot. for Summ. Judgm. pp. 1-2).

Defendants point to Plaintiff's own allegations and testimony to support their conclusion that "[t]he only reasonable conclusion that can be drawn is that Mr. Cloaninger was following the tractor-trailer ahead of him too closely, and that he was unable to safely avoid it when it stopped." (*Id*. p. 9). However, Plaintiff was not present at the scene of the accident, and any conclusions she may draw based on the events is mere conjecture. Furthermore, Defendant Wheeler, who gave the lone eyewitness account of the accident that is before the Court, stated that he did not see Cloaninger at the time of the accident, and did not know how Cloaninger became separated from his motorcycle. (Wheeler Dep. pp. 55-56).

In the instant case, the Court cannot find as a matter of law that Plaintiff was contributorily negligent. Summary judgment is rarely granted on the issue of contributory

5

negligence. In fact, "[o]nly when Plaintiff's own evidence discloses contributory negligence so clearly that no other conclusion can be reached should summary judgment be granted." *Richardson v. General Motors Corp.*, 223 F. Supp. 2d 753, 758 (M.D.N.C. 2002) (citing *Morgan v. Cavalier Acquisition Corp.*, 111 N.C. App. 520, 432 S.E.2d 915 (1993)). "The existence of contributory negligence is ordinarily a question for the jury; such an issue is rarely appropriate for summary judgment, and only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 562 S.E.2d 887, 896 (2002).

Plaintiff's evidence does not at all demonstrate that Plaintiff's decedent was so clearly contributorily negligent that no other conclusion can be reached. Therefore, Defendant's Motion for Summary Judgment based on contributory negligence is hereby <u>denied</u>.

    **b.**    **Defendants' negligence**

In order to establish a claim for negligence, a plaintiff must show by a preponderance of the evidence that defendant owed him a duty of care, defendant's conduct breached that duty, the breach was the actual and proximate cause of plaintiff's injury, and damages resulted from the injury. *Reynolds*, 805 F. Supp. at 340; *Southerland v. Kapp*, 59 N.C. App. 94, 95, 295 S.E.2d 602, 602 (1982) (citing *Coltraine v. Hospital*, 35 N.C. App. 755, 757-58, 242 S.E.2d 538, 540 (1978)).

Plaintiff alleges in her complain that Defendant Wheeler committed several acts of negligence while in the employ of Defendant Combs, which actually and proximately caused Plaintiff's decedent's death. (Complaint ¶¶ 11-12). Plaintiff alleges that Wheeler:

    (a) [] failed to keep a proper lookout in the direction of travel; (b) [] failed to

maintain a safe distance between his vehicle and the vehicle immediately in front of him; (c) [] failed to apply his brakes in time to avoid the collision; (d) [] failed to decrease the speed of his vehicle to avoid a collision with any person, vehicle or other conveyance, in violation of N.C.G.S. § 20-141; (e) [] drove his vehicle upon a public highway at a speed greater than was reasonable and prudent under the conditions then existing, in violation of N.C.G.S. § 20-141; (f) [] drove his vehicle upon a public highway without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger any person or property in violation of N.C.G.S. § 20-140(b); (g) [] drove his vehicle when he knew or should have known that it was mechanically unsafe to drive; and, (h) [] was otherwise negligent and/or grossly negligent and/or careless and reckless.

(Complaint ¶ 12).

Defendants contend that there is no evidence to support any of Plaintiff's allegations of Defendants' negligence. (Def. Mem. in Supp. of Mot. for Summ. Judgm. p. 12). Defendants discount Plaintiff's allegations by stating that Plaintiff has failed to produce evidence to support her allegations, and cites to statements made by Defendant Wheeler, or conclusions drawn by Defendants' proposed expert witnesses. (Def. Mem. in Supp. of Mot. for Summ. Judgm. pp. 12-18).

With regard to Defendant Wheeler's alleged negligent acts, and the standard of care to which he is held, North Carolina law provides:

> Any person who drives any vehicle upon a highway or public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger any person or property shall be guilty of reckless driving.

N.C. GEN. STAT. § 20-140(b).

> No person shall drive a vehicle on a highway or public vehicular area at a speed greater than is reasonable and prudent under the conditions then existing.

N.C. GEN. STAT. § 20-141(a).

> The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the operator of a vehicle from the duty to decrease speed as may be

> necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, and to avoid injury to any person or property.

N.C. GEN. STAT. § 20-141(m).

> When a statute sets a standard of care for the protection of others, violation of that statute is negligence *per se*. . . But in the absence of a safety statute, conduct is judged by the "reasonably prudent person" standard, a violation of which is negligence. (citations omitted).

*Hinnant v. Holland*, 92 N.C.App. 142, 147, 374 S.E.2d 152, 155 (1988).

> [I]t is the general rule of law that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. And in the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision with persons and vehicles upon the highway.

*Adams v. Beaty Service Co.*, 237 N.C. 136, 141, 74 S.E.2d 332, 336 (1953).

As this Court has noted, "[m]atters involving negligence claims are not ordinarily good candidates for summary judgment disposition. Negligence disputes usually require the *factual* determination whether a party owed a duty or whether a defendant's actions proximately caused plaintiff's injury." *Lindsay v. Public Service Co. of N.C., Inc.*, 725 F. Supp. 278, 281 (W.D.N.C. 1989). In examining the evidence before the Court, Plaintiff has demonstrated that a genuine issue of material fact exists as to the Defendants' negligence. Plaintiff has presented evidence of factual questions regarding the events that led to the accident, particularly Wheeler's alleged negligent driving, Wheeler's alleged impairment due to his positive test for marijuana, and whether the truck Wheeler was driving was unsafe for travel, as well as whether Wheeler knew or should have known that his vehicle was allegedly unsafe for travel.[1] Such factual

---

[1] In reference to Defendants' Reply Brief, the Court notes that Plaintiff presented an affidavit and report by a proposed expert, Ronald E. Kirk, after the deadlines set in the Pretrial Order and Case

determinations are best made by a jury and are not appropriate for summary judgment. The Court also notes that the credibility of the Defendants' witnesses is best assessed by the jury, therefore their statements and conclusions regarding the evidence in this case are not a suitable basis for finding that the Defendants' were not negligent as a matter of law. Therefore, Defendants' Motion for Summary Judgment as to their alleged negligence must be <u>denied</u>.

### c. Defendant Wheeler's Wanton and Willful Conduct

The Plaintiff asserts a claim against Defendant Wheeler for punitive damages for alleged wanton and willful conduct. Plaintiff states particularly that Wheeler:

> (a) [] operated his vehicle at a time when he knew, or reasonably should have known, that it was mechanically unsafe and he "tailgated" another vehicle at a high rate of speed, knowing that he would have great difficulty stopping his vehicle, should he need to do so; (b)[] operated a vehicle which he knew, or reasonably should have known, was poorly maintained and in disrepair in violation of the Federal Motor Carrier Safety Regulations and of the North Carolina General Statutes, all of which were binding on him; and, (c) [] was otherwise grossly negligent and guilty of willful and wanton misconduct.

(Complaint ¶ 16).

North Carolina law defines "willful and wanton" conduct as:

> [T]he conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm. 'Willful and wanton conduct' means more than gross negligence.

---

Management Plan [Doc. # 9]. The Court, however, does not find the Plaintiff's late filing prejudicial. Plaintiff has pointed to ample evidence aside from its expert's statements to raise genuine factual issues. The North Carolina Highway Patrol Accident Report and Vehicle Examination, the results of Wheeler's positive drug test, and Defendants' own statements in depositions are sufficient to raise questions of material fact as to the events in this case.

Additionally, the Court will not exclude the affidavit and report of Plaintiff's expert because of its failure to meet the Pretrial Order Deadlines. Should Defendants require more time to depose Plaintiff's proposed expert before trial, they may file a motion with the Court making such request.

9

N.C. Gen. Stat. § 1D-5(7).

The plaintiff must prove "willful and wanton" conduct to the trier of fact by "clear and convincing evidence." N.C. Gen. Stat. § 1D-15. "The clear and convincing evidence standard is greater than a preponderance of the evidence standard required in most civil cases . . . and requires 'evidence which should fully convince'" the trier of fact. *Schenk v. HNA Holdings, Inc.*, 170 N.C. App. 555, 560, 613 S.E.2d 503, 508 (2005).

Defendants contend that the evidence in this case is insufficient as a matter of law to permit a punitive damages claim on the basis that Defendant Wheeler acted willfully or wantonly. (Def. Mem. in Supp. of Mot. for Summ. Judgm. p. 19). After examining the evidence, the Court is satisfied that Plaintiff has presented sufficient evidence to raise the issue of whether Wheeler acted willfully and wantonly. As stated previously, Plaintiff has demonstrated that factual questions exist as to Wheeler's conduct leading up to the accident, particularly his alleged dangerous driving and awareness of the highway conditions, Wheeler's alleged impairment by marijuana, and Wheeler's alleged knowledge of the defective condition of his vehicle. All of these determinations are best made by the jury and are not fit for summary judgment. Therefore, Defendants' Motion for Summary Judgment as to Wheeler's wanton and willful conduct must be <u>denied</u>.

        d.     **Defendant Combs' Wanton and Willful Conduct**

The Plaintiff also asserts a claim against Defendant Combs for punitive damages for alleged wanton and willful conduct. Plaintiff states that Combs:

> (a) [] failed to maintain the Defendant's vehicle in safe working order, as required by the Federal Motor Carrier Safety Regulations and by Virginia Code and North Carolina General Statutes; (b)[] failed to discipline, re-educate, suspend or take

any corrective action whatsoever, or dismiss his driver after learning that he committed other moving violations prior to the incident sued upon; and, (c) [] was otherwise grossly negligent and guilty of willful and wanton misconduct.

(Complaint ¶ 19).

North Carolina law states:

Punitive damages shall not be awarded against a person solely on the basis of vicarious liability for the acts or omissions of another. Punitive damages may be awarded against a person only if that person participated in the conduct constituting the aggravating factor giving rise to the punitive damages...

N.C. GEN. STAT. § 1D-15.

Therefore, for purposes of summary judgment, a plaintiff seeking punitive damages must demonstrate sufficient evidence to raise a genuine issue of material fact as to whether each defendant participated and engaged in wanton and willful conduct.

Defendants contend that the evidence in this case is insufficient as a matter of law to permit a punitive damages claim on the basis that Defendant Combs acted willfully or wantonly. (Def. Mem. in Supp. of Mot. for Summ. Judgm. p. 19). After examining the evidence, the Court is satisfied that Plaintiff has presented sufficient evidence to raise the issue of whether Combs acted willfully and wantonly in his own right, regardless of Wheeler's alleged actions or inactions. Plaintiff has demonstrated that questions of material fact exist as to Combs' knowledge and implementation of safety measures at his trucking business, as well Combs' knowledge of the conditions of his vehicles. Such determinations are best made by the jury and are not fit for summary judgment. Therefore, Defendants' Motion for Summary Judgment as to Combs' wanton and willful conduct must be <u>denied</u>.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment is hereby **DENIED**.

Signed: December 22, 2006

Richard L. Voorhees
United States District Judge